UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANIAL TUFF,

     Plaintiff,

v.             6:12-CV-428
             (GTS)
MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

     Defendant.
_____

APPEARANCES:      OF COUNSEL:

NATHANIAL TUFF
 Plaintiff, Pro Se
1617 Miller Street
Utica, NY 13501

U.S. SOCIAL SECURITY ADMIN.   ELIZABETH D. ROTHSTEIN,
OFFICE OF REG'L GEN. COUNSEL – REGION II  ESQ.
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

  Currently before the Court, in this Social Security action filed by Nathanial Tuff

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is a motion by Defendant to dismiss this action

for failure to state a claim and /or lack of subject matter jurisdiction pursuant to Rule 12(b) of the

Federal Rules of Civil Procedure.  For the reasons set forth below, Defendant's motion is

granted.

## I.    RELEVANT BACKGROUND

On February 25, 2005, Plaintiff applied for Supplemental Security Income.  (T. 62-64.) In support of his application, Plaintiff alleged that, although his claimed disability, paranoid schizophrenia, first bothered him in 1986, he became unable to work due to his disability on December 1, 2004.  (T. 72.)  Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On January 30, 2007, Plaintiff appeared before the ALJ and a hearing was held.  (T. 42-62.)  The ALJ issued a written decision finding Plaintiff disabled on August 4, 2007.  (T. 15-24.)  On September 6, 2007, Defendant notified Plaintiff that he was eligible for benefits beginning March 1, 2005.  (T. 12-14.)  Plaintiff sought Appeals Council review because his "benefits did not go back to the proper date."  (T. 6.)  On October 14, 2011, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 3-5.)

Plaintiff, appearing pro se, commenced this action seeking judicial review on March 9, 2012.  An Amended Complaint was filed on May 4, 2009, and a summons was served upon Defendant on May 21, 2012.  On August 29, 2012, Defendant filed the current motion to dismiss, which has now been fully briefed.

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Defendant's Arguments

In support of his motion to dismiss the complaint for lack of subject matter jurisdiction, Defendant makes two arguments.  First, Defendant argues that the Court lacks jurisdiction to review a fully favorable decision.  (Dkt. No. 14-2 at 2-3 [Def.'s Mem. of Law].)  Second, Defendant argues that the Court lacks jurisdiction of this action because Plaintiff failed to timely seek judicial review.  (*Id.* at 3-6.)

### B. Plaintiff's Arguments

In opposition to Defendant's motion to dismiss this action, Plaintiff makes four arguments. First, Plaintiff argues that the ALJ's decision was not fully favorable because the ALJ's finding regarding the date of commencement of Plaintiff's eligibility for disability benefits "is inconsist[e]nt with the day Plaintiff[']s disability began" and "Plaintiff was disabled before his 'alleged' application filing date." (Dkt. No. 17 at 3 [Pl.'s Mem. of Law].) Second, Plaintiff argues, Defendant had knowledge of his disability since 1991, but denied his application in violation of his right to due process under the Fourteenth Amendment.[1] (*Id.*) Third, Plaintiff argues, the Court should strike Defendant's motion because it was not timely filed in violation of this Court's General Order 18. (*Id.*) Fourth, and finally, Plaintiff alleges that he had good cause for the untimely commencement of this action because, due to his mental incapacity, he did not understand the review process. (*Id.* at 4.)

## III. RELEVANT LEGAL STANDARD

A motion to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is properly granted "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Where, as here, a plaintiff is proceeding pro se, the court must interpret the complaint to raise the strongest arguments that it suggests. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Notwithstanding the special solicitude due pro se plaintiffs, when deciding such a motion to dismiss under Rule 12(b)(1), the court must be mindful that it is the

---

[1] Attached to Plaintiff's papers in opposition to Defendant's motion to dismiss is a statement from the Commissioner indicating that Plaintiff filed an unsuccessful application for benefits in 1991. (Dkt. No. 17 at 2 [Pl.'s Mem. of Law].)

plaintiff who "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012).

## IV. ANALYSIS

### A. Whether the Court Lacks Subject Matter Jurisdiction Because Plaintiff's Complaint is Untimely

At the outset, the Court notes that a challenge to the timeliness of a complaint is not properly brought as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *See Henderson v. Shinseki*, — U.S. —, —, 131 S .Ct. 1197, 1204 (2011) (citing *Bowen v. City of New York*, 476 U.S. 467, 478, and n.10, 106 S. Ct. 2022 (1986)). Rather, the Court reviews Defendant's timeliness challenge as a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) on the basis that the complaint is barred by the statute of limitations. *See Bender v. Astrue*, No. 09-CV-5738, 2010 WL 3394264, at *3, n.1 (E.D.N.Y. Aug. 23, 2010). In deciding such a motion, the Court will consider those documents submitted by the parties which are matters of public record or which are deemed included in the complaint. *See Bender*, 2010 WL 3394264, at *3, n.1 (citing *Pani, M.D. v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)).

To be sure, Plaintiff's complaint is untimely. The statutory deadline to commence an action for judicial review of a final decision of the Commissioner is sixty days "after the mailing [] of notice of such decision[.]" 42 U.S.C. § 405(g). By regulation, "mailing" is interpreted as receipt of such notice, which is presumed to occur five days after the notice is dated. *See* 20 C.F.R. §§ 404.981, 422.210(c). Here, the Appeals Council's notice is dated October 14, 2011, but the complaint was not filed in this action until March 9, 2012.

Nonetheless, a filing may be deemed timely under the doctrine of equitable tolling "where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). It is the plaintiff who bears the burden to show that tolling is justified. *See Liranzo v. Astrue*, No. 07-CV-5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), aff'd, 411 F. App'x 390 (2d. Cir. 2011). While "equitable tolling is generally warranted only in rare and exceptional circumstances, it is not infrequently appropriate in cases involving social security benefits because Congress intended to be unusually protective of claimants in this area." *Liranzo*, 2010 WL 626791, at *3 (citations omitted).

Here, in his papers in opposition to Defendant's motion to dismiss his complaint, Plaintiff makes reference to a policy of the Commissioner that failure to meet time limitations should not be automatic grounds for dismissal of an appeal where a claimant's mental incapacity may prevent him from understanding the review process. The Court will interpret Plaintiff's papers to argue that his mental illness should be taken into consideration when deciding whether equitable tolling will apply to excuse the late filing of his complaint. While courts may find equitable tolling applies due to a plaintiff's mental impairment, some evidence that the plaintiff's mental impairment prevented him from timely filing his complaint is required, beyond a mere allegation. *See Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991). Here, Plaintiff has not provided such evidence. As a result, the Court dismisses his action on this ground.

**B.      Whether the Court Lacks Subject Matter Jurisdiction Because the Underlying Administrative Decision Was Fully Favorable to Plaintiff**

At the outset, the Court notes that it lacks jurisdiction to review an administrative decision that was fully favorable to Plaintiff. *See Stewart v. Astrue*, No. 10-CV-3922, 2012 WL 32615, at *2 (E.D.N.Y. Jan. 4, 2012) (citing *Louis v. Comm'r of Soc. Sec.*, No. 07-CV-0557, 2008 WL 1882706, at *1 (N.D.N.Y. Apr. 24, 2008), aff'd, 349 F. App'x. 576, 578 (2d Cir. 2009)). Here, however, Plaintiff argues that the Commissioner's decision that he was eligible for SSI benefits commencing March 1, 2005, was not fully favorable to him because he became disabled prior to that date. To be sure, SSI benefits are not payable until the month following the month of application. *See Frye v. Astrue*, No. 11-CV-1585, 2012 WL 2125910, at *1, n.1 (2d Cir. Jun. 13, 2012) (citing 20 C.F.R. § 416.335). Here, Plaintiff applied for SSI in February 2005. Accordingly, he was not eligible to receive benefits until March 1, 2005, regardless of when his disability began. For this reason, the Court finds that the underlying administrative decision was fully favorable to Plaintiff, depriving the Court of subject matter jurisdiction over Plaintiff's appeal. As a result, the Court dismisses Plaintiff's action on this alternative ground.

To the extent Plaintiff seeks to reopen his earlier application for benefits, federal courts generally do not have jurisdiction to review the Commissioner's decision in this regard. *See* 20 C.F.R. § 416.1403(a)(5). *See also Coles v. Astrue*, No. 10-CV-4751, 2012 WL 695849, at *4 (E.D.N.Y. Mar. 5,2012) (citing *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). However, the Commissioner's decision not to reopen a disability application may be subject to judicial review "in two circumstances: where the Commissioner has constructively reopened the case and where the claimant has been denied due process." *Coles*, 2012 WL 695849, at *4 (citing *Byam*, 336 F.3d at 179). Here, Plaintiff, citing the Fourteenth Amendment, argues that Defendant "had knowledge of [his] disability since Jan[uary] 1, 1991[,] and []still[] denied [his] application[,] in

turn violating his constitutional right[] of due process."  (Dkt. No. 17 at 3 [Pl.'s Mem. of Law].)
There is nothing in the record to indicate that Plaintiff sought review of the Commissioner's
decision denying his 1991 disability application.  Nor did the Commissioner constructively
reopen Plaintiff's earlier claim.  *Cf. Malave v. Sullivan*, 777 F.  Supp. 247, 252 (S.D.N.Y. 1991)
(finding the Commissioner constructively reopened a claimant's prior application where the ALJ
considered the entire record in the case, including medical evidence and testimony about a
period subject to prior applications, and rendered a decision on the merits for claims for benefits
as to that period).  Accordingly, the Court does not have jurisdiction to review any claim by
Plaintiff that his earlier application for benefits should be reopened.

Finally, Plaintiff's argument that the Court should strike Defendant's motion because it is
untimely is without effect.  Where, as here, a court finds that it lacks subject matter jurisdiction,
it must dismiss the action, whether on a party's motion to dismiss or sua sponte.  *See Oscar
Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003).  Thus, even if the Court were
to strike the Defendant's motion due to Defendant's clear violation of this Court's General Order
18, as well as the May 9, 2012 Order of Magistrate Judge Andrew T. Baxter, the Court must still
dismiss the action on its own motion for lack of subject matter jurisdiction.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss the complaint for failure to state a claim
and/or lack of subject matter jurisdiction (Dkt. No. 14) is **<u>GRANTED</u>**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment dismissing this
action in favor of Defendant.

Dated: November 13, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge